## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| In Re: ) | |
| ) | **Bankruptcy No. 1:15-10003** |
| **HOVENSA, L.L.C.,** ) | **Civil Action No. 2020-0019** |
| ) | |
| Debtor. ) | |
| ) | |

**Attorneys:**
**Andrew L. Capdeville, Esq.,**
St. Thomas, U.S.V.I.
   *For John K. Dema, P.C.*

**Dionne G. Sinclair, Esq.,**
St. Thomas, U.S.V.I.
   *For the Government of the Virgin Islands*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Emergency Motion of John K. Dema, P.C. for an Order Suspending or Staying Appeal Pending Resolution of Related Proceedings in the Courts of the Virgin Islands" ("Motion to Stay") (Dkt. No. 4), and the Government of the Virgin Islands' "Motion to Dismiss and in Opposition to Appellant's Application for a Stay" ("Motion to Dismiss") (Dkt. No. 7). For the reasons discussed below, the Court will grant the Motion to Stay and deny the Motion to Dismiss.

### I.   BACKGROUND

On January 22, 2016, the Bankruptcy Court for the District of the Virgin Islands ("Bankruptcy Court") entered an Order compelling arbitration of a contractual dispute between Appellant John K. Dema, P.C. ("Dema Firm") and Appellee the Government of the Virgin Islands ("Government"). (Dkt. No. 4 at 3). On November 7, 2016, an Arbitrator awarded the

Dema Firm $8.967 million, which was paid by the Government from the sale of HOVENSA's assets. *Id*. at 2-3. The Arbitrator later issued a supplemental award of $1,292,646.66 in attorneys' fees and expenses, which is the subject of continuing litigation. *Id*.

On June 14, 2017, the Government commenced an action in the Superior Court of the Virgin Islands ("Superior Court") to vacate the supplemental award. *Id*. That case was dismissed without prejudice for lack of subject matter jurisdiction on January 24, 2020, with the view expressed by the Superior Court that the Bankruptcy Court should exercise jurisdiction. *Id*. at 5; (Dkt. No. 4-3). Believing that decision to be erroneous, both parties lodged a challenge—the Government in the form of both a Motion to Alter or Amend the Court's Order on January 24, 2020 and an appeal to the Supreme Court of the Virgin Islands on February 10, 2020 and the Dema Firm in the form of a reply in support of the Motion to Alter or Amend the Court's Order on March 25, 2020. *Id*. at 6.

The Dema Firm also filed a Motion in Bankruptcy Court on February 12, 2020 to confirm the supplemental award. *Id*. at 7. At a hearing on March 10, 2020 that lasted approximately thirty minutes and focused on whether the Bankruptcy Court had jurisdiction to resolve the issue, the Bankruptcy Court found that it lacked subject matter jurisdiction to address the supplemental award. *Id*. at 8; (Dkt. No. 4-5). Out of what the Dema Firm describes as "an abundance of caution," it filed the instant appeal on March 23, 2020. *Id*. at 7; (Dkt. No. 1).

With the due date for the Dema Firm's brief in this matter scheduled for May 4, 2020, the Dema Firm filed the instant Motion to Stay on April 7, 2020. *Id*. at 12. The Dema Firm argues that, "it is inconceivable that the V.I. Superior [Court] would not exercise the jurisdiction that it generally acknowledged it has to confirm (or vacate) an arbitration award." *Id.* at 10. Thus, anticipating that the underlying issue regarding the supplemental award will be resolved in the

Superior Court, the Dema Firm maintains that judicial economy and efficiency and the preservation of resources weigh heavily in favor of "suspending or staying this Appeal until the final resolution" in the local courts. *Id*. at 9.

On April 17, 2020, the Government responded with a Motion to Dismiss. (Dkt. No. 7). The Government argues, in essence, that because the Bankruptcy Court lacks jurisdiction, there is little likelihood of success on the appeal and "it makes little sense to stay this action and delay resolution where jurisdiction is not appropriate." *Id.* at 8.

## II.  APPLICABLE LEGAL PRINCIPLES

The power to stay or dismiss federal proceedings pending resolution of a state court action rests within the sound discretion of the trial court. *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983). This discretion stems from a district court's inherent power to control its docket. *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936). However, courts are under "a strict duty to exercise the jurisdiction conferred upon them by Congress," tempered only in those instances where "denying a federal forum would clearly serve an important countervailing interest." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Therefore, the general rule, applicable here, is that parallel proceedings in state and federal courts do not disturb the jurisdiction of either court. *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007).

Here, the question is whether this Court should abstain from adjudicating this matter by staying it pending resolution of the local court proceedings. *Colorado River* abstention allows federal courts to abstain from adjudicating a case by either staying or dismissing the case when there are ongoing parallel state court proceedings. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The task under *Colorado River* is for the court to

"ascertain whether there exists 'exceptional' circumstances, the 'clearest of justifications,' that can suffice . . . to justify the *surrender* of [federal] jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis in original).

*Colorado River* abstention involves a two-pronged inquiry. The first prong requires a court to determine if the state and federal actions are parallel, "defined as involving the same parties and claims." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). Courts then look to whether "extraordinary circumstances" are present such that abstention is warranted. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299, 308 (3d Cir. 2009). The following six-factor inquiry has been developed in the Third Circuit for analyzing whether a given action presents such extraordinary circumstances:

> (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Nationwide*, 571 F.3d at 308 (quoting *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)). This balancing is "heavily weighted in favor of the exercise of jurisdiction." *Cone,* 460 U.S. at 16.

### III.   DISCUSSION

The Dema Firm seeks a suspension or stay of the instant appeal that vacates all current deadlines "pending the final resolution of the proceedings on the Motion to Alter or Amend (and any related appeal) and the V.I. Notice of Appeal pending in the Virgin Islands' Courts (or a date certain, subject to further extension, as this Court deems appropriate)." (Dkt. No. 4 at 9). The Government opposes the Motion to Stay, arguing that the Bankruptcy Court and this Court lack jurisdiction; therefore, this Court should dismiss the instant action and deny the Dema Firm's

Motion to Stay. (Dkt. No. 7).

As a preliminary matter, the Government's argument is misplaced. The issue presented is whether this Court should suspend or stay proceedings before it in light of ongoing proceedings in the local courts. Instead of addressing this issue, the Government focuses on the merits of the appeal before the Court—that is, whether the Bankruptcy Court had jurisdiction over this matter. *Id*. at 3-7. The Government then compounds the error by adopting the legal standard used when courts are deciding whether to stay an action pending an appeal—arguing that because "there exists little chance of prevailing on the within appeal or fulfilling the additional factors in considering a stay . . . it makes no sense to stay this action and delay resolution where jurisdiction is not appropriate." *Id.* at 8. However, because this case involves proceedings in both federal and local courts, *Colorado River* abstention is the appropriate doctrine under which to determine whether the Court should stay the case pending resolution of the local court proceedings.

Addressing the first prong of the *Colorado River* abstention doctrine, the Court determines whether the pending actions are parallel. "For judicial proceedings to be parallel, there must be identities of parties, claims, and time." *IFC*, 438 F.3d at 306; *Trent v. Dial Medical of Florida, Inc.,* 33 F.3d 217, 224 (3d Cir. 1994). With regard to claims, substantially identical claims are those raising "'nearly identical allegations and issues.'" *IFC*, 438 F.3d at 306 (quoting *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005)); *see also Wells Fargo Home Mortg. Inc. v. Sec. Title Guar. Corp. of Baltimore*, 337 F. Supp. 2d 680, 683 (E.D. Pa. 2004) (finding state and federal cases parallel, notwithstanding that some federal claims were not raised in the state action). Employing "substantially different 'approaches'" and the possibility of achieving "'potentially different results'" does not necessarily bar a finding that claims are substantially

identical. *Trent*, 33 F.3d at 224 (citing *Complaint of Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 41 (3d Cir. 1980)).

Here, the federal and local proceedings involve identical parties—the Dema Firm and the Government. Additionally, at the heart of both the federal and local court proceedings is a dispute over whether the Government is required to pay the Dema Firm the supplemental award of attorneys' fees and expenses awarded by the Arbitrator. Because the two proceedings present the same underlying issue, there is a substantial likelihood that any decision rendered in one of the proceedings "will fully dispose of the claims presented" in the other proceeding. *Id*. Further, both matters are currently pending, thus establishing an identity of time. *IFC*, 438 F.3d at 306. Accordingly, the first prong of the *Colorado River* abstention doctrine—whether the proceedings are parallel—is satisfied.

The Court now turns to the second prong of the abstention doctrine—whether "extraordinary circumstances" are present such that abstention is warranted. As the Third Circuit made clear in *Ryan*, "our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Ryan*, 115 F.3d at 197 (citing *Cone*, 460 U.S. at 25-26).[1] A consideration of the relevant factors that bear on the case counsels in favor of staying the instant appeal pending resolution of the proceedings in the local courts.

By far, the most compelling factor here is the fourth factor—the "order in which

---

[1] The Court recognizes that the Bankruptcy Court concluded that it lacked jurisdiction over this matter, and that the appeal lodged with this Court presents this jurisdictional issue. Even so, a stay by this Court would "surrender [the Court's] jurisdiction" to decide the jurisdictional issue before it and, depending on the resolution of that issue, the Bankruptcy Court's jurisdiction to decide whether the supplemental award should be confirmed or vacated.

jurisdiction was obtained." *Cone*, 460 U.S. at 15.[2] This factor involves more than a simple mechanical comparison of the date on which each case was filed. *See id*. at 21. The task of the court is to consider the relative progress made in each case, the time of filing, and any "duplicative judicial effort" that might result from federal adjudication of the case. *Nationwide*, 571 F.3d at 309. The procedural posture of this case presents a scenario in which this factor strongly favors abstention.

Here, the federal court has been involved in the instant matter only to the extent that it granted a motion to compel arbitration in 2016; received a motion to confirm the Arbitrator's supplemental award in February 2020; heard an approximately thirty minute oral argument on whether it had jurisdiction to confirm the Arbitrator's supplemental award; decided it did not have such jurisdiction; and received the instant appeal along with the parties' motions as to whether to stay the federal proceeding.

By contrast, while the federal court's post-supplemental award involvement in this case occurred only since February of this year, the Government filed a complaint in Superior Court in June 2017 seeking to vacate or modify the Arbitrator's supplemental award. Shortly thereafter, the parties briefed the issue as to whether the Superior Court should confirm or vacate the supplemental award, and the court held an oral argument on the merits in March 2018. The Superior Court directed the parties, in February 2019, to brief why that court had jurisdiction

---

[2] As for the remaining factors, they either balance themselves out, or are of less significance under the circumstances here. For example, while on the one hand it is clear that the federal forum is convenient, it is also clear that the local courts will adequately protect the interests of the parties. Further, in the absence of "a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review," *Ryan*, 115 F.3d at 198 (emphasis in original), and given that "abstention cannot be justified merely because a case arises entirely under state law," *id*. at 199 (citing *Cone*, 460 U.S. at 26), the piecemeal litigation and state law factors are of less significance. Finally, the only remaining factor—which court first assumed jurisdiction over the property—applies only in *in rem* cases and is therefore inapplicable to the instant matter.

over the matter; issued a memorandum opinion which, in essence, deferred to the Bankruptcy Court on subject matter jurisdiction in 2020; and currently has before it the Government's Motion to Alter or Amend the Court's Order, the Dema Firm's reply thereto, and the Dema Firm's Motion for Expedited Hearing on the Motion to Alter or Amend. The Government also has an appeal pending before the Supreme Court of the Virgin Islands. Thus, the Superior Court not only had the merits of the underlying substantive issue before it almost three years before the federal court, but it has had briefing and oral argument on the issue. In view of the progress on the merits made in the Superior Court, if this Court ultimately determines that federal jurisdiction exists, duplicative judicial efforts would result in the absence of a stay of these proceedings pending resolution in the local courts. *Cf. Mamouzette v. Jerome*, 2017 WL 3083628, at *10 (D.V.I. July 19, 2017) (District Court did not abstain in part because it had made more progress in the adjudication of the underlying substantive issue than the Superior Court).

Under the circumstances here, separate proceedings could result in the "inefficient expenditure of valuable judicial resources." *Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F. Supp. 1323, 1329 (D. Del. 1987). Separate proceedings could also result in a waste of the parties' resources. Further, the resolution of the action in the local courts would likely moot the instant appeal. *In re LB Steel, LLC*, 572 B.R. 690, 709 (Bankr. N.D. Ill. 2017) (staying a federal proceeding in part because it might be mooted by a pending state court action). Simply put, awaiting resolution of the action in the local courts will conserve judicial resources, avoid the possibility of inconsistent rulings, and, ultimately, provide for more efficient judicial administration of the substantive issue. Accordingly, the order of jurisdiction factor weighs heavily in favor of the Court staying this matter pending resolution of the local court proceedings.

In view of the foregoing, the Court finds that "exceptional" circumstances exist that would justify abstention. *Ryan*, 115 F.3d at 197. The Court does "not overlook the heavy obligation to exercise jurisdiction." *See Colorado River*, 424 U.S. at 820. However, because of the particular circumstances here, a stay of the appeal is justified until local court proceedings reach a resolution. By staying, rather than dismissing, the instant appeal, the Court will retain jurisdiction in the event that the resolution of the local court proceedings necessitates further action here. *In re LB Steel, LLC*, 572 B.R. at 709 (citing *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir. 1985)).

## IV.   CONCLUSION

Because the Court concludes that parallel proceedings and exceptional circumstances exist, the Court will exercise its discretion to stay the federal proceedings pending resolution of the local court proceedings. Thus, the Court will grant the Dema Firm's Motion to Stay and deny the Government's Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 20, 2020                             _____/s/_____
                                                      WILMA A. LEWIS
                                                       Chief Judge